Argued and submitted October 24, 1986, affirmed on appeal and affirmed as modified on cross-appeal March 11, 1987

# In the Matter of the Marriage of

SAUCY,
*Respondent - Cross-Appellant,*
*and*

SAUCY,
*Appellant - Cross-Respondent.*

(83-1304; CA A36552)

733 P2d 939

Ira L. Gottlieb, Portland, argued the cause for appellant - cross-respondent. With him on the briefs was Keller, Gottlieb & Gorin, Portland.

Donald O. Tarlow, Newberg, argued the cause for respondent - cross-appellant. With him on the brief was Brown & Tarlow, P.C., Newberg.

Before Richardson, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Husband appeals and wife cross-appeals from a judgment of dissolution which provides that, beginning immediately for the oldest child and at future designated dates for the two younger, the children will spend alternate months with each parent. The sole issue on appeal is the amount of child support each parent is required to pay when the oldest child is residing with the other parent.[1]

The trial court determined that the need of the child, who is 15 years old, is $450 per month, the same as it determined the needs of each of the younger children to be. It determined that husband's net income is $3,018 per month, plus an indeterminate amount derived from the operation of a small vineyard located adjacent to the family home, and that wife's net income is $1,226 per month. It then applied the formula adopted in *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981), for determining the amount of child support which the noncustodial parent should pay when one parent is awarded sole custody of the party's children. After some modification (apparently to take into account husband's income from the vineyard), the trial court ordered husband to pay child support of $280 per month when the child is residing with wife and wife to pay $70 per month when the child is residing with husband.[2]

Husband contends that the trial court failed to consider properly the fact that, under the judgment, he is solely responsible for the child's medical, hospital and dental care, with the exception of expenses for orthodontia and mental health needs, and is required to maintain a life insurance policy covering his own life equivalent to that currently provided

---

[1] We are not called on at this time to determine the support obligation of each parent for the younger children after they begin residing alternately with each parent.

[2] Under the formula adopted in *Smith v. Smith, supra,* the trial court first determines the child's "needs," which is "that amount which is required for the actual, necessary expense of providing for the child at the standard of living which would have been enjoyed but for the dissolution." 290 Or at 684. It then makes a determination of the noncustodial parent's obligation by multiplying the needs of the child by the ratio between the income of the noncustodial parent and the combined incomes of both parents. The final determination is "tempered" by the court's consideration of factors such as the interrelationship of child support and the division of property, indirect forms of child support, the income of a spouse or domestic associate, special hardships and the ability to pay. 290 Or at 685.

by his employer. The trial court assigned a value of $100 per month to those forms of indirect support. Husband points out that application of the formula adopted in *Smith v. Smith, supra,* to the trial court's assessment of the child's needs and the parties' respective incomes yields a primary obligation of approximately $320 per month, if he is considered the non-custodial parent, and approximately $130 per month, if wife is considered the noncustodial parent. He concludes that his actual support obligation should therefore be only $220 per month ($320 per month, less the value at which the trial court assessed his contribution of indirect support), payable only when the child is residing with wife. He concludes further that, when the child is residing with him, wife should be required to pay him child support of $130 per month.

In her cross-appeal, wife contends, *inter alia,* that the trial court erred in failing to follow the principles of *Belt and Belt,* 65 Or App 606, 672 P2d 1205 (1983), *modified on other grounds* 68 Or App 42, 680 P2d 390 (1984), in which we noted that the precise formula adopted in *Smith* is not by its terms applicable when the children live alternately with each parent for approximately equal periods, but that a similar approach would be appropriate. In *Belt,* the children alternated between parents on a weekly basis. We found that the combined needs of the children were approximately the same—$460 per month—when they were with each parent, making their total needs $920 per month. We concluded that it was reasonable to require the husband to pay 69.6 percent of that total every month, his income being 69.6 percent of the parties' combined incomes, less $460, which was the amount that he expended per month on the children in his home.

■   We conclude that the formula adopted in *Belt and Belt, supra,* for determining the appropriate amount of child support when a child lives alternatively with each parent, is applicable in this case. We also find it appropriate to accept wife's accounting of the child's need, which she divides between expenses that she allocates to each household over a 12-month period and those, which she labels "intermittent expenses," that she does not. To the expenses that are allo-cated over a 12-month period, she assigns a value of $329 per month per household, exclusive of the child's health and insurance needs. She values the intermittent expenses, which

are incurred only by the household in which the child is residing, at $108 per month. Therefore, the total monthly need of the child is $766 (2 × $329 + $108) per month.

We also accept wife's figures that the net income derived from the family's 1983 and 1984 grape harvest was approximately $7,794, or $325 per month. Therefore, we conclude that husband's total income is $3,343 per month, or 73.2 percent of husband's and wife's combined incomes. Accordingly, we determine that husband's direct support obligation is $178 per month, which is 73.2 percent of the total need of the child, or $561 per month, less $383 ($329 + $108/2) per month, which is the amount which husband will expend on the child in his home.

■      In accordance with *Smith v. Smith, supra,* we next consider other circumstances which affect husband's direct support obligation. As noted, the indirect support which husband contributes in the form of health care and insurance coverage has been assigned a value of $100 per month. However, as best we can ascertain from the record, husband personally contributes only $20 of that amount and receives the remainder as a fringe benefit from his employer.[3] Therefore, because husband is responsible for only 73.2 percent of the child's need, he is responsible only for approximately $15 of the $20 of indirect support he contributes. Accordingly, we reduce his direct support obligation by $5.

■      Wife requests that we add to husband's support obligation an additional $54 a month, which is one-half of the child's needs categorized as "intermittent expenses," and that we make her solely responsible for all such expenditures. Included in this group are expenses for such items as clothing, haircuts and school. She argues that, because purchases of these and other similar items are required on an intermittent basis only, rather than on a regular basis, the possibility exists that husband will not pay his fair share. We deny mother's request. Although such problems may and do at times develop, we conclude that the record before us does not support that modification. Accordingly, we modify the judgment to provide

---

[3] We do not consider as indirect support the $80 husband receives as a fringe benefit of his employment, because it does not affect his ability to pay direct support.

that husband pay child support of $173 per month for the oldest child.

Affirmed on appeal; on cross-appeal, judgment modified to provide that, commencing April, 1985, husband pay $173 per month child support to wife for the parties' oldest child and that wife not pay child support to husband; affirmed as modified. Costs to wife.